[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Adams v. Testa,* **Slip Opinion No. 2017-Ohio-8854.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8854

ADAMS ET AL., APPELLANTS, *v*. TESTA, TAX COMMR., APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Adams v. Testa,* **Slip Opinion No. 2017-Ohio-8854.**]

*Taxation—Real-property valuation—R.C. 5703.14—Board of Tax Appeals had jurisdiction over landowners' challenge to journal entries incorporating current agricultural-use values and to the rules providing for entries' issuance—Board of Tax Appeals did not err in concluding that landowners failed to assert any grounds for concluding that challenged rules are unreasonable—Decision affirmed.*

(No. 2016-0510—Submitted June 6, 2017—Decided December 7, 2017.)

APPEAL from the Board of Tax Appeals, No. 2015-2244.

_____

**DEWINE, J.**

{¶ 1} This is a companion case to *Adams v. Testa*, __ Ohio St.3d ___, 2017-Ohio-8853, __ N.E.3d ___ ("*Adams I*"), also decided today. At issue in both cases are the journal entries that set forth current agricultural-use values ("CAUVs"),

which county auditors use to value farmland for tax purposes. Here, we consider an appeal under R.C. 5703.14, which authorizes an injured party to challenge a rule issued by the tax commissioner on the basis that it is unreasonable. A group of landowners appealed to the Board of Tax Appeals ("BTA"), claiming that their farmland is being overvalued because the CAUV journal entries and the rules providing for the entries' issuance are unreasonable.

**{¶ 2}** The BTA determined that it did not have jurisdiction over the appeal and dismissed it. We disagree with the BTA regarding its jurisdiction. But because the landowners did not make any showing that the rules are unreasonable, it was still proper for the BTA to dismiss their appeal. We affirm the BTA's decision.

## I. Background

**{¶ 3}** In *Adams I*, we explained CAUVs in some detail; we provide a brief overview here. R.C. 5715.01(A) requires that the tax commissioner determine CAUVs, which are used by county auditors to establish the taxable value of agricultural property. Ohio Adm.Code 5703-25-30 through 5703-25-36 set forth the rules for determining CAUVs. Once a year, the tax commissioner adopts a journal entry that incorporates a table of CAUVs. Ohio Adm.Code 5703-25-31(D). Included in the CAUVs are the values of woodland that is adjacent to or part of farmland. The woodland value is determined by subtracting a clearing cost from the cropland value. Ohio Adm.Code 5703-25-33(M)(4). It is the woodland-clearing cost that is at the heart of both this appeal and *Adams I*.

**{¶ 4}** In 2013 and 2014, the tax commissioner released CAUV tables that used a clearing cost of $500 per acre. In 2015, that amount was increased to $1,000 per acre. In the journal entry adopted in 2015, the tax commissioner ordered that the 2015 values were to be used by the 24 counties in which the county auditor was required to perform a sexennial reappraisal or triennial update for 2015. The other 64 counties were instructed to continue using the values established in 2013 and 2014, which had used the clearing cost of $500 per acre.

## II. The proceedings below

{¶ 5} The landowners challenged the tax commissioner's 2015 CAUV journal entry in two appeals before the BTA. In the first appeal, which is the subject of *Adams I*, they argued that the woodland had been overvalued because the commissioner had ignored evidence demonstrating that the woodland-clearing costs used in 2013, 2014, and 2015 were too low. In that proceeding, the landowners sought to appeal directly from the tax commissioner's 2015 journal entry under R.C. 5717.02. They also pursued two rule-based challenges: that the rules for establishing the CAUVs are unreasonable under R.C. 5703.14 and that the journal entry constitutes a rule that had been issued in violation of the rulemaking requirements of R.C. Chapter 119. The landowners later dropped their R.C. 5703.14 rule-review claims in *Adams I* because they were pursuing those claims in this separate appeal. The BTA ultimately dismissed the first appeal, concluding that the journal entry is not a "final determination" under R.C. 5717.02 and that the BTA therefore did not have jurisdiction to hear an appeal of the entry. The BTA also determined that the entry is not a rule so the requirements of R.C. Chapter 119 did not apply. In *Adams I*, we reversed the BTA's decision in part; we held that the CAUV journal entry is a final determination under R.C. 5717.02 but that it is not a rule.

{¶ 6} In their second appeal to the BTA, the landowners sought review of Ohio Adm.Code 5703-25-06 and 5703-25-30 through 5703-25-36 and of the 2013, 2014, and 2015 CAUV journal entries. They also again raised their argument that the CAUV journal entries are rules subject to the rulemaking requirements of R.C. Chapter 119. The BTA dismissed the appeal, explaining that the landowners had not stated how the administrative rules are unreasonable. The BTA also reiterated its conclusion that the CAUV journal entries are not rules. It is this second appeal that is before us now.

### III. The BTA had jurisdiction

**{¶ 7}** In dismissing the landowners' rule-review appeal, the BTA stated that it did not have jurisdiction over the appeal. Clearly, this was incorrect. R.C. 5703.02(A)(5) gives the BTA jurisdiction over appeals from the "[a]doption and promulgation of rules of the tax commissioner." R.C. 5703.14 plainly provides that "[a]pplications for review of any rule adopted and promulgated by the tax commissioner may be filed with the board of tax appeals by any person who has been or may be injured by the operation of the rule." Under the statute, the burden was on the landowners to "show that the rule is unreasonable." *Id.*

**{¶ 8}** Despite its statement that it lacked jurisdiction over the landowners' rule-review appeal, the BTA's decision makes clear that it did consider whether the landowners had met their burden to show that the challenged rules are unreasonable. In its decision, the BTA noted that "it is incumbent upon [the landowners], through the rule review challenge, to allege how the procedures for the Commissioner's determination of CAUV values, as set forth in the rules, are unreasonable." BTA No. 2015-2244, 2016 Ohio Tax LEXIS 642, *6 (Mar. 31, 2016). The BTA concluded that the landowners had not met their burden because they had not addressed the reasonableness of the rules. We review this conclusion to determine whether it is "reasonable and lawful." R.C. 5717.04.

#### A. *The journal entries setting CAUVs are not rules*

**{¶ 9}** We can quickly dispose of part of the landowners' claims. The landowners argue, as they did in *Adams I*, that the CAUV journal entries are rules subject to the rulemaking requirements of R.C. Chapter 119. The landowners further contend that Ohio Adm.Code 5703-25-30 through 5703-25-36 are unreasonable because they allow the tax commissioner to issue the entries without first complying with R.C. Chapter 119. As we concluded in *Adams I*, the journal entries are not rules. The BTA correctly dismissed this part of their appeal.

*B. The landowners did not meet their burden*

**{¶ 10}** We consider the landowners' remaining challenges to Ohio Adm. Code 5703-25-06 and 5703-25-30 through 5703-25-36. Under R.C. 5703.14, the landowners were required to "allege that the rule[s] complained of [are] unreasonable and [to] state the grounds upon which the allegation is based." The problem is that they did not provide any grounds for concluding that the challenged rules are unreasonable.

**{¶ 11}** The focus of the landowners' appeal before the BTA was that the woodland-clearing costs used in the CAUVs are too low and that there is a lack of uniformity between the newly issued 2015 values and the 2013 and 2014 values still being used by 64 counties. They pointed to Ohio Adm.Code 5703-25-33(B), which provides that "[t]he use of the income approach to develop annual 'Current Agricultural Use Value of Land Table Or Tables' that are accurate, reliable and practical requires that careful attention be given to the many principles and techniques involved." Among those techniques is obtaining information "from such agencies as cooperative extension service, college of agriculture, the Ohio [S]tate [U]niversity; Ohio agricultural research and development center; national resources conservation services, U.S.D.A.; forest service, U.S.D.A.; national agricultural statistical service, U.S.D.A.; department of agriculture of Ohio; department of natural resources of Ohio, federal land bank and other reliable sources." Ohio Adm.Code 5703-25-33(D). As the landowners see it, Ohio Adm.Code 5703-25-30 through 5703-25-36 are unreasonable because the tax commissioner either failed to obtain necessary information about woodland-clearing costs or ignored evidence of the higher clearing costs. But their allegation does not provide a ground for finding the rules themselves unreasonable; at best, it suggests that the commissioner failed to follow the applicable rules.

**{¶ 12}** The landowners' claim regarding Ohio Adm.Code 5703-25-06 is equally groundless. That rule requires that consistent with R.C. 5713.01, county

auditors perform sexennial reappraisals and triennial updates of the value of real property. The landowners argued in their appeal before the BTA that to the extent that the tax commissioner asserts that Ohio Adm.Code 5703-25-06 prohibits him from changing the 2013 and 2014 CAUVs, the rule is unconstitutional. But the tax commissioner has made no such assertion, and nothing in the rule required the tax commissioner to maintain the 2013 and 2014 values for those counties already using them. Again, the landowners are not actually challenging the reasonableness of the rules. Instead, they are speculating about the commissioner's reasons for applying the rules as he did.

{¶ 13} The landowners' appeal boils down to a challenge to the tax commissioner's application of the rules, rather than a challenge to the reasonableness of the rules themselves. Their quarrel is with the CAUVs, not the rules. Their rule-review challenge is without merit, but as we held in *Adams I*, they may challenge the CAUVs through an appeal under R.C. 5717.02.

## IV. Conclusion

{¶ 14} Although the BTA was incorrect when it determined that it did not have jurisdiction over the landowners' rule-review appeal, it correctly concluded that the landowners had failed to put forth any grounds for concluding that the rules they challenged are unreasonable. We therefore affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by FISCHER, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 15} Respectfully, I dissent.

{¶ 16} I would reverse the decision of the Board of Tax Appeals. In my view, the landowners did evidence that the CAUV journal entries are unreasonable because the tax commissioner failed to follow the rules in promulgating them, and

6

the majority acknowledges that the landowners' allegation "suggests that the commissioner failed to follow the applicable rules," majority opinion at ¶ 11.

FISCHER, J., concurs in the foregoing opinion.

_____

Van Kley & Walker, L.L.C., and Jack A. Van Kley, for appellants.

Michael DeWine, Attorney General, and Daniel W. Fausey, Daniel G. Kim, and Kody R. Teaford, Assistant Attorneys General, for appellee.

Chad A. Endsley, Leah F. Curtis, and Amy M. Milam, urging reversal for amicus curiae, Ohio Farm Bureau Federation.

_____